JOSIAH H. GARDNER *vs.* BOSTON & MAINE RAILROAD COMPANY.

York.    Opinion July 28, 1879.

*Corporation.    Contract.    Engineer,—authority of.*

The engineer of a railroad has no power, by virtue of his position, to bind the corporation by his contracts. Special authority therefor must be shown.

ON MOTION to set aside the verdict as against evidence, the weight of evidence and against law.

ASSUMPSIT by plaintiff for work by himself and oxen on the defendants' railroad.

Plea, the general issue, with brief statement that all the work which the plaintiff did for said road was done by virtue of a contract between the defendant railroad and one W. G. Patch, and that defendants have paid said Patch therefor, and that the plaintiff's contract was with said Patch, and not with the defendants.

The material facts are stated in the opinion. The verdict was for the plaintiff.

*B. F. Hamilton & I. T. Drew*, for the plaintiff.

*G. C. Yeaton,* for the defendant corporation, cited Brice's *Ultra Vires,* c. 5, and particularly Prop. 216. *Thayer* v. *Vt. Cent. R. R. Co.,* 24 Vt. 440–447. *Powrie* v. *Kan. Pac. R. R. Co.,* 1 Col. 529. *Homersham* v. *Wolv. Water Co.,* 6 Exch. 137. *Sharpe* v. *San Paulo R. R. Co.,* (8 L. R.) Ch. App. 597. Spon's Dic. Engin., Tit. Rail. Engineering. Toml. Cyclo. Useful Arts. Enclyc. Brit. Knight's Cyclo. Arts & Sci.

APPLETON, C. J. This is an action of assumpsit for work claimed to have been done for the defendant corporation in 1872.

The defense is that one Patch was contractor to do certain work for the defendants, and that he employed the plaintiff to do the work in question and has paid him the amount due. But whether he has paid him or not is immaterial, so far as these defendants are concerned, if the work was done by the plaintiff while employed by Patch and in the performance of his contract.

The plaintiff claims that he was employed by one Bacon, an engineer in the service of the defendants. There is no evidence to show that Bacon was specially authorized to hire men. It would be an unusual proceeding if he were so authorized. As an engineer, without special authority, he would have no power to bind the defendants. He would be no more than an employee of the corporation. The engineer ordinarily cannot employ others to do the work which contractors have agreed to do and make the corporation liable for its payment.

The evidence fails to show any liability on the part of the defendants.

*Motion sustained.*
*New trial granted.*

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.